In the Matter of the Estate of PETER L. MONTENARO, SR., Deceased.

Surrogate's Court, Montgomery County, February 14, 1967.

*Chandler S. Knight* for executors, petitioners. *Joseph A. Drago* for Barbara Michalski. *Robert L. Briskie* for Wyonia Montenaro.

WILLIAM J. CRANGLE, J. In this discovery proceeding it appears that the decedent ordered a Buick automobile from Salisbury Motors, Inc. on October 12, 1965. This order, as accepted by the seller in writing, became a contract of purchase constituting an obligation of the seller and the decedent.

On November 13, 1965 before delivery of the automobile a new contract was signed by the seller and the decedent. This time the decedent's wife also became a party to the contract of purchase and assumed joint and several liability with her husband for payment of the unpaid portion of the purchase price. The new contract was in form a retail installment contract under which the seller retained title to the automobile as security for the purchase money, and the buyers agreed to pay a " time sale price ". The contract specifically states that the buyers'

obligations shall be joint and several and shall bind the heirs, executors, administrators and assigns of the parties.

Upon the delivery the automobile was registered in the name of the decedent at the New York State Department of Motor Vehicles. Petitioners claim that the automobile exceeds the $3,000 value limit for property eligible to be set off to the widow under section 200 of the Surrogate's Court Act.

The proof establishes that on the date of decedent's death the automobile was worth $3,910. However, since the widow bound herself to pay for the automobile in a contract specifically describing her as a buyer, she became a co-owner with her husband. Registering the automobile in decedent's sole name does not change that legal relationship. This point of view is reinforced by the fact that the decedent gave his wife a power of attorney authorizing her to act for him in matters " relating to the sale and transfer of automobiles." Upon his death, therefore, the decedent owned a one-half undivided interest in the automobile worth $1,955 which must be set off under section 200 of the Surrogate's Court Act to his widow.

In considering the evidence in this case the court has disregarded the testimony wherein the widow related a conversation with her husband concerning the power of attorney. This testimony was received subject to a motion to strike out and the motion is granted.

The petition is dismissed, and the executors are directed to set off to the widow the automobile described therein.